United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Karen Shapiro, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-23602-Civ-Scola |
| | ) | |
| NuVasive, Inc., | ) | |
| Defendant. | ) | |

## Order Granting Motion for Remand

This matter is before the Court upon Plaintiff Karen Shapiro's motion for remand. (ECF No. 8.) Upon review of the parties' briefs, the record, and the relevant legal authorities, the Court **grants** Shapiro's motion (**ECF No. 8**).

### 1. Factual and Procedural Background

Shapiro originally filed her case in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. (Compl., ECF No. 1-1.) Shapiro's lawsuit arises from a spinal surgery she had in July 2010 in which the surgeon used the NuVasive SpheRx DBR II Spinal System and inserted a number of polyaxial screws into her spine. (*Id.* at ¶ 7.) Years after Shapiro's surgery, in 2017, an x-ray exam revealed that certain screws had broken off and fragments had become "contained within her bone," so she had to undergo a second spinal surgery. (*Id.* at ¶¶ 10, 11.) Shapiro now asserts negligence and strict liability claims against Defendant NuVasive, Inc. ("Nuvasive") based on its design and manufacture of the medical hardware of the NuVasive SpheRx DBR II Spinal System. Shapiro claims that as a result of NuVasive's actions she

> suffered serious bodily injuries and had to undergo a second surgical procedure to remove the defective hardware, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, the expenses of hospitalization medical and nursing care and treatment, loss of earning capacity, loss of the ability to earn money, and aggravation of a previously existing condition.

(*Id.* at ¶¶ 23, 27, 31.) Shapiro alleges that these losses are "either permanent or continuing in nature" so she "will suffer these losses in the future." (*Id.*)

Shapiro states that her suit is for "damages in excess of Fifteen Thousand ($15, 000.00) Dollars, exclusive of cost, interest, and attorney's fees." (*Id.* at ¶ 1.)

NuVasive timely removed the action to federal court, claiming that the Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Notice of Removal, ECF No. 1.) In its notice of removal, NuVasive asserts that the parties are diverse and that the amount-in-controversy requirement is met despite the fact that the complaint does not contain a specific request for damages. NuVasive contends that it is facially apparent from the complaint that the amount in controversy exceeds $75,000 based on the types of damages Shapiro describes in her complaint. (*Id.* at 4–5.) NuVasive also highlights that other courts have found similar allegations sufficient to meet the amount-in-controversy requirement in factually-analogous cases. (*Id.* at 5–6.)

Shapiro now asks the Court to remand this case to state court because she claims that NuVasive failed to prove that the amount in controversy exceeds $75,000. (Mot. for Remand, ECF No. 8.) NuVasive filed a response (ECF No. 11), to which Shapiro replied (ECF No. 12).

## 2. Legal Standard

A civil action may be removed from state court to federal district court if the action is within the original jurisdiction of the federal court. 28 U.S.C. § 1441(a). Original jurisdiction exists when a civil action raises a federal question, or where the action is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. In evaluating Shapiro's motion for remand, the Court is bound to construe the removal statute strictly, so "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

When a complaint does not include a specific claim for damages, "removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2005). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Id.* at 1319–20.

### 3. Analysis

Shapiro's unspecified demand for damages requires NuVasive to "prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional amount." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotation marks and alterations omitted). The "jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard" and defendants "may introduce their own affidavits, declaration, or other documentation" to meet their burden. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010).

Shapiro argues that NuVasive has failed to meet its burden. Shapiro asserts that the amount in controversy is not apparent from the face of the complaint and NuVasive's notice of removal provides no factual basis to support its assertion that the amount-in-controversy requirement has been met. (Mot. for Remand, ECF No. 8 at 7.) In particular, Shapiro argues that NuVasive's reliance on other cases does not explain how *this* case is worth more than $75,000. (*Id.*) Accordingly, Shapiro claims that a determination that the amount-in-controversy requirement has been established would be an exercise in speculation. (*Id.* at 8.)

NuVasive contends in response that it is apparent from the face of the complaint that the amount in controversy exceeds $75,000 because Shapiro is seeking to recover damages for two spinal surgeries and an assortment of injuries. (Response, ECF No. 11 at 1–2.) NuVasive invites the Court to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the complaint to conclude that the amount-in-controversy requirement is met. (*Id.* at 4.) NuVasive also reiterates that other courts have found similar allegations in products liability cases to be sufficient to satisfy the amount-in-controversy requirement. (*Id.* at 7.) Lastly, NuVasive suggests that Shapiro is attempting to improperly limit the value of her damages post-removal. (*Id.* at 7–8.)

Upon review of the record and relevant legal authorities, the Court finds that NuVasive has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. First, it is not facially apparent that the amount-in-controversy requirement has been met. The complaint provides "no reliable indication of the specific amount" of damages sought by Shapiro. *Shiver v. Trudel*, No. 3:11-CV-917-WKW, 2012 WL 1366737, at *3 (M.D. Ala. Apr. 19, 2012). Although Shapiro refers to two spinal surgeries and alleges several injuries, the complaint does not provide the Court with sufficient factual detail to make reasonable deductions or inferences about the amount in

controversy. The complaint does not specify the cost of either surgery, the costs of Shapiro's medical expenses, or the severity of her injuries. Nor does the complaint state Shapiro's age or occupation so as to allow the Court to assess potential damages for "loss of earning capacity" or "loss of the ability to earn money." The complaint also does not state that Shapiro seeks to recover the costs of the two surgeries as Shapiro points out. Without further detail, Shapiro's boilerplate damages allegations fail to inform the Court that her case is worth more than $75,000. *Ransom v. Wal-Mart Stores, Inc.*, 920 F. Supp. 176, 177–78 (M.D. Ga. 1996) ("If the mere allegation that the plaintiff was 'seriously injured' sufficed to establish the jurisdictional amount, then virtually every personal injury case could be removed to federal court. The amount in controversy requirement would be rendered meaningless."); *Black v. Insight Pharm. Co.*, No. 615CV1807ORL22TBS, 2015 WL 13333020, at *4 (M.D. Fla. Dec. 17, 2015) ("[M]ere allegations of bodily injury and substantial medical expenses are insufficient to establish the amount in controversy." (internal quotation marks omitted)). Although the Court can make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that the case is removable," *see Roe*, 613 F.3d at 1061–62 (internal quotation marks omitted), the Court cannot assume or guess that the amount-in-controversy requirement is met. *See Pretka*, 608 F.3d at 753–54 (recognizing that without factual allegations pertinent to the existence of jurisdiction, jurisdiction should not be "divined [only] by looking at the stars").

Moreover, the Court is unpersuaded by NuVasive's reliance on other cases where district courts allowed cases to proceed in federal court. Although district courts have relied on their own experience to find that the amount-in-controversy requirement has been met in other products liability cases, many of the products liability cases NuVasive cites to involved complaints with more detailed allegations about the severity of the injuries suffered by the plaintiff and included additional evidence to support maintaining suit in federal court. *See, e.g.*, *Wilssen v. Medtronic, Inc.*, No. 09-60792-CIV, 2009 WL 9151079, at *10 (S.D. Fla. July 23, 2009) (Gold, J.) (relying on specific allegations related to damages stemming from defective medical product and demand letters for over $1 million to conclude that the amount in controversy exceeded $75,000); *Bolin ex rel. Bolin v. SmithKline Beecham Corp.*, No. 08-60523-CIV, 2008 WL 3286973, at *3 (S.D. Fla. Oct. 27, 2008) (Cohn, J.) (finding that the amount-in-controversy requirement was met where the complaint alleged that the defendant's drug caused severe birth defects and the plaintiff sought several types of damages, including punitive damages). *But see Buckles v. Coombs*, No. 6:16–cv–1619–Orl–37KRS, 2017 WL 38801, at *4 (M.D. Fla. Jan. 4, 2017)

(finding that the amount-in-controversy requirement was met because plaintiff specifically alleged a total knee replacement surgery and a revision surgery and "in light of the cost and complexity of medical device product liability litigation"). The Court's own review of district court cases from the Eleventh Circuit illustrates the same principle. *See, e.g.*, *Culpepper v. Stryker Corp.*, 968 F. Supp. 2d 1144, 1158 (M.D. Ala. 2013) (finding that the amount-in-controversy requirement was met because the plaintiff underwent a total knee replacement surgery and three additional revision surgeries, the plaintiff was seeking punitive damages, and product liability actions in Alabama routinely resulted in verdicts in excess of $75,000); *Friedman v. I-Flow Corp.,* No. 10-60474-Civ, 2010 WL 11601459, at *4 (S.D. Fla. June 9, 2010) (Moore, J.) (holding that the amount-in-controversy requirement was met because the plaintiff specifically alleged she underwent four additional knee surgeries and would likely need to undergo future surgical procedures, including a total knee replacement); *Ward v. Boston Scientific Corp.*, No. 18-0435-WS-M, 2018 WL 6696679, at *3-*4 (S.D. Ala. Dec. 19, 2018) (holding that the amount-in-controversy requirement was met where the plaintiff alleged that defective medical device subjected him to a life-threatening medical emergency and necessitated surgery and he sought compensatory and punitive damages). Here, there is insufficient information in the complaint for the Court to determine that Shapiro's suit is worth more than $75,000.

Beyond the complaint, Nuvasive's notice of removal does not provide the Court with more clarity. NuVasive could have introduced affidavits, declarations, or other documentation with its notice of removal to establish federal jurisdiction, *see Pretka*, 608 F.3d at 755, but did not do so. NuVasive also did not attempt to supplement the record upon the filing of Shapiro's motion for remand. *Cf. Williams*, 269 F.3d at 1320–21 (recognizing that if the plaintiff had challenged the district court's jurisdiction, the parties would have the opportunity to supplement the record). "In the absence of supporting evidence, the Court cannot conjure up subject matter jurisdiction." *Black*, 2015 WL 13333020, at *5.

Lastly, the Court is unpersuaded by NuVasive's suggestion that Shapiro is attempting to stipulate that her damages are below the necessary amount in controversy by filing her motion for remand and alternative argument that her failure to stipulate to such a fact is relevant. (Resp., ECF No. 11 at 7–8 & n.3.) There is no indication that Shapiro is stipulating that her damages are below the necessary threshold. As NuVasive points out, any attempt to do so after removal would have been futile if this Court had jurisdiction. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) ("And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment

of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."). Moreover, any failure on Shapiro's part to stipulate that the amount in controversy is less than $75,000 before removal is also not dispositive now. *See Williams*, 269 F.3d at 1320 (11th Cir. 2001) ("There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy Best Buy's burden of proof on the jurisdictional issue."). Accordingly, the Court will not deny Shapiro's motion on this basis.

### 4. Conclusion

For the reasons stated, the Court **grants** the Shapiro's motion for remand (**ECF No. 8**) and orders that this case be remanded to state court. The Clerk is directed to **close** this case and take all necessary steps to ensure the prompt remand of this matter and the transfer of this file back to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. All pending motions are **denied as moot**.

Done and ordered, at Miami, Florida, on January 22, 2019.

Robert N. Scola, Jr.
United States District Judge